IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERRAL E. INGRAM,**<br>    **Plaintiff** | No. 4:25cv1022 |
| | (Judge Munley) |
| | (Chief Magistrate Judge Bloom) |
| v. | |
| **WILLIAMSPORT BUREAU OF POLICE,**<br>    **Defendant** | |

FILED
SCRANTON

DEC 23 2025

PER _____ DEPUTY CLERK

## ORDER

**AND NOW**, to wit, this 23rd day of December 2025, upon consideration of pro se Plaintiff Gerral E. Ingram's objections to the report and recommendation ("R&R"), (Doc. 10), and the proposed second amended complaint, (Doc. 9), it is hereby **ORDERED** that:

1) Plaintiff's objections to the R&R, (Doc. 10), are **SUSTAINED** in part and **OVERRULED** in part;

2) The R&R, (Doc. 8), will be **ADOPTED** in part as the court agrees that plaintiff's amended complaint, (Doc. 6), fails to state a claim under 42 U.S.C. § 1983 against the Williamsport Bureau of Police, and unnamed potential defendants Officer Tyler Corter or Mercedes Joyce;

3) However, upon consideration of Ingram's references to two (2) hours of bodycam footage in his proposed second amended complaint, (Doc. 9 at

2–6), the court cannot say for certain whether amendment would be futile as to his Section 1983 claims against the City of Williamsport, Officer Tyler Corter, or Mercedes Joyce[1];

4) Consequently, Ingram's amended complaint is **DISMISSED** *without prejudice*;

5) The proposed second amended complaint, (Doc. 9), is not accepted as filed;

6) Ingram is directed to file a second amended complaint that complies with Federal Rules of Civil Procedure 8(a), 8(d), and 10 and refers to all exhibits previously filed or referenced in this matter;

7) The second amended complaint should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth Ingram's claims in short, concise, and plain statements, and in numbered paragraphs, each limited to a single fact per paragraph as far as practicable. Ingram shall attach all exhibits filed with his previous pleadings as exhibits to the second amended complaint;

---

[1] It is unclear whether Ingram attempted to file bodycam footage as an exhibit to his amended complaint. (See Doc. 6, Clerk's notation). As noted by the Clerk of Court, a CD-ROM submitted with the amended complaint was blank. Id.

2

8) Nothing in this order shall preclude Ingram from filing (or re-filing) a copy of the bodycam video as an exhibit to the second amended complaint on a USB drive or a CD-ROM; and

9) Ingram shall file any second amended complaint on or before **January 26, 2026**; and

10)    If Ingram does not file a second amended complaint by **January 26, 2026**, the court may dismiss this matter with prejudice and without further notice to the plaintiff for failure to prosecute and/or failure to comply with a court order.

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court