IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GERRAL INGRAM,                 : Civil No. 4:25-CV-1022

Plaintiff,

v.

OFFICER TYLER CORTER,

Defendant.

: (Judge Munley)

: (Chief Magistrate Judge Bloom)

## REPORT AND RECOMMENDATION

## I. Background

Before the court is the second amended complaint filed by the *pro se* plaintiff, Gerral Ingram.[1]  Ingram initially filed a complaint against the Williamsport Bureau of Police ("WBP"), alleging that Officer Tyler Corter made false statements to obtain a warrant for his arrest.[2]  We read Ingram's complaint as asserting a claim pursuant to 42 U.S.C. § 1983, but recommended that the complaint be dismissed because it failed to name Corter as a defendant, failed to allege sufficient facts to state what we read as a Fourth Amendment claim against Corter, and failed

---

[1] Doc. 12.
[2] Doc. 1.

to allege municipal liability by WBP.[3]  The district court adopted our recommendation and permitted Ingram to file an amended complaint.[4]

Ingram's first amended complaint was slightly more detailed than the original complaint, but after a screening review, we concluded that the complaint similarly failed to allege sufficient facts against Corter or the WBP to state a Section 1983 claim.[5]  The district court again adopted our recommendation but permitted Ingram to file a second amended complaint, which he filed on January 7, 2026.[6]  The district court's order specifically directed Ingram to file an amended complaint that is

> [A] stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth Ingram's claims in short, concise, and plain statements, and in numbered paragraphs, each limited to a single fact per paragraph as far as practicable.  Ingram shall attach all exhibits filed with his previous pleadings as exhibits to the second amended complaint[.][7]

---

[3] Doc. 4.

[4] Doc. 5.

[5] Doc. 8.

[6] Docs. 11, 12.  Before the court ruled on the Report and Recommendation, Ingram filed another amended complaint, which the court did not accept as being filed.

[7] Doc. 11 at 2.

Ingram was also advised that he could file or refile an exhibit that he attempted to attach to his first amended complaint, which he claimed was body camera footage from the incident.[8]

Despite the district court's clear order, Ingram's second amended complaint is a two-page document, with only the application for the search warrant attached as an exhibit.[9]  Ingram again alleges that Officer Corter omitted information, allegedly contained on the body camera footage, from his warrant application to secure the search warrant, which he claims is a violation of his Fourth Amendment rights and his right to privacy.[10]  He requests $150,000.00 as relief.

After consideration, we will recommend that the amended complaint be dismissed with prejudice.

## II. Discussion

### A. Screening of *Pro Se* Complaints – Standard of Review

We have a statutory obligation to preliminarily review *pro se* complaints brought by plaintiffs given leave to proceed *in forma*

---

[8] *Id.* at 3.
[9] Doc. 12.
[10] Doc. 12 at 1.

*pauperis.*[11]  We review such complaints to determine whether there are frivolous or malicious claims, or if the complaint fails to state a claim upon which relief may be granted.[12]   This statutory preliminary screening mirrors review under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted."[13]

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."[14] In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-

[11] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).
[12] *Id.*
[13] Fed. R. Civ. P. 12(b)(6).
[14] Fed. R. Civ. P. 8(a)(2).

movant."[15]   However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action."[16]

As the Third Circuit Court of Appeals has aptly summarized:

[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*[17]

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public

---

[15] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).
[16] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").
[17] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

record.[18]  A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."[19] Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination.[20]  However, the court may not rely on any other part of the record when deciding a motion to dismiss.[21]

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial justice.'"[22]  We must apply the relevant law even if the *pro se* plaintiff does not mention it by name.[23]

---

[18] *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

[19] *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[20] *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

[21] *Jordan*, 20 F.3d at 1261.

[22] *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)).

[23] *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

## B. The Second Amended Complaint should be Dismissed.

After review, we conclude that Ingram's second amended complaint should be dismissed.  As we have noted, Ingram's second amended complaint spans less than two pages and contains sparse factual allegations regarding his Fourth Amendment claim against Corter.  We again read Ingram's complaint as asserting a Fourth Amendment claim against Corter for unlawful search and seizure.

The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures.[24]  To state a Fourth Amendment claim, a plaintiff must plead facts to show that "the defendants' actions (1) constituted a 'search' or 'seizure' within the meaning of the Fourth Amendment, and (2) were 'unreasonable' in light of the surrounding circumstances."[25]  When a plaintiff is contesting the validity of a search warrant signed by a neutral magistrate, alleging that the affidavit contained false statements, "probable cause must be determined on the basis of a[] hypothetical affidavit that 'reads' as though

---

[24] U.S. Const. amend IV; *Brower v. Cnty. of Inyo*, 489 U.S. 593, 595 (1989).
[25] *Open Inns, Ld. v. Chester Cnty. Sheriff's Dep't*, 24 F. Supp. 2d 410, 424 (E.D. Pa. 1998) (citations omitted).

it did not contain the false statements[.]"[26] The alleged false statements "must also be material in that it reasonably could have affected the magistrate's judgment in finding probable cause."[27]

Based on Ingram's filing, it is undisputed that Corter applied for, and a magistrate signed, a search warrant for any firearms and related paraphernalia at the residence where he was staying.[28] Ingram appears to allege that Officer Corter's affidavit of probable cause omitted statements he made to the witness, allegedly captured on the body camera footage.[29] But we cannot conclude that the alleged statements— indicating that the witness brought Corter a bag belonging to Ingram that contained a firearm— "reasonably could have affected the magistrate's judgment in finding probable cause."[30] Rather, the search warrant application stated that the witness, Mercedes Joyce, told Corter that she looked in Ingram's room and found a bag that contained what looked like a pistol, and Corter then applied for a search warrant given

---

[26] *United States v. Conley*, 856 F. Supp. 1010, 1027 (W.D. Pa. 1994) (citations omitted).
[27] *Id.* (citation omitted).
[28] *See* Doc. 12 at 3-4.
[29] *Id.* at 1.
[30] *Conley*, 856 F. Supp. at 1027.

that Ingram was a felon not to possess a firearm.[31]  Accordingly, we conclude that the second amended complaint fails to state a Fourth Amendment claim against Corter.

Finally, while we recognize that *pro se* plaintiffs should generally be permitted to amend their complaints,[32] Ingram has already been provided leave to file an amended complaint on two occasions and the amended complaints continue to be materially flawed.  Thus, we believe leave to amend would now be futile.  Accordingly, we recommend that this complaint be dismissed with prejudice.

## III.  Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's second amended complaint be DISMISSED WITH PREJUDICE.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a

---

[31] Doc. 12 at 4.

[32] *See Fletcher-Harlee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

9

habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 13th day of February 2026.

_s/ Daryl F. Bloom_
Daryl F. Bloom
Chief United States Magistrate Judge