## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERRAL E. INGRAM,** | : | **No. 4:25cv1022** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | **(Chief Magistrate Judge Bloom)** |
| **OFFICER TYLER CORTER,** | : | |
| **Defendant** | : | |

## ORDER

Presently before the court is the Report and Recommendation ("R&R") of Chief Magistrate Judge Daryl F. Bloom—the third R&R with respect to *pro se* Plaintiff Gerral E. Ingram's civil rights claims. The R&R before the court recommends dismissal of Ingram's second amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)—the third R&R concluding that plaintiff's allegations fail to state a claim under 42 U.S.C. § 1983.

The R&R was issued on February 13, 2026. Parties have 14 days to file objections to an R&R after being served with a copy of the recommended disposition. FED R. CIV. P. 72(b)(2); M.D.PA. L.R. 72.3. No objections to the R&R have been filed and the time for such filing has passed. Although this matter involves the conduct of an officer of the Williamsport Bureau of Police, there is no indication that Ingram is presently incarcerated from that incident or for any other. Ingram has not requested an extension. Thus, the R&R is ready for review.

In deciding whether to adopt the report and recommendation when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After a careful review, the court finds neither clear error on the face of the record nor a manifest injustice, and therefore, the court shall accept the R&R and adopt it in its entirety.  The court has provided Ingram with several opportunities to amend his complaint.  Ingram has amended once on his own accord.  At this juncture, plaintiff will not be able to file a pleading that states a claim.  Because amendment would be futile, it is hereby **ORDERED** as follows:

1) The R&R, (Doc. 14), is **ADOPTED** in its entirety;

2) Plaintiff's second amended complaint is **DISMISSED** with prejudice for failure to state a claim; and

3) The Clerk of Court is directed to close this case.

BY THE COURT:

Date: 3/6/26

_____
JUDGE JULIA K. MUNLEY
United States District Court